[No. 8198.]

LANE V. LYON..

SUPREME COURT—*Jurisdiction—Declaring Attorney's Lien.* The parties to a writ of error having stipulated to a discontinuance thereof the court is without jurisdiction to declare a lien upon the properties recovered in favor of the attorneys of the successful party, for securing the fees to which they may be entitled pursuant to contract with the client. (168)

*Error to Routt District Court*—HON. JOHN T. SHUMATE, Judge.

*Motion of Parties to Dismiss and Petition for Attorney's Lien.*

Mr. A. M. GOODING, and Mr. ARTHUR L. WESSELS, *Pro se.*

Mr. EDWARD C. STIMSON, and Mr. PAGE M. BRERETON, for defendant in error.

Mr. JAMES E. JEWEL, and Mr. ALBERT G. CRAIG, for plaintiff in error.

Mr. JUSTICE GABBERT delivered the opinion of the courth:

Lane and Lyon entered into a written contract for the trade and sale of certain real estate and personal property. Afterwards Lane commenced an action against Lyon to enforce the specific performance of this contract, and for damages and other relief. Gooding and Wessels were Lane's attorneys, and had a written agreement with him whereby they were to receive a contingent fee of two thousand dollars on the termination of the cause in his favor. It appears that this fee was to be paid by a conveyance of the real estate involved. After the issues were joined defendant moved for judgment on the pleadings, which was sustained and the action dismissed. Plaintiff, by his counsel, Gooding and Wessels, then sued out a writ of error from this court, and lodged the record with the clerk. After the writ of error was sued out Lane and Lyon, without the knowledge or consent of Gooding and Wessels, settled the controversy, and filed a written request that the action be dismissed at the cost of the plaintiff. Gooding and Wessels then filed a

notice of attorney's lien, and a petition in this court to make their claim for attorney's fees a lien on all the property involved in the action, that the proceeding be not dismissed, and that they be allowed to prosecute it to judgment. Both plaintiff and defendant resist this petition, by motion to strike it from the files. Gooding and Wessels claim for lien is predicated upon their contract and the provisions of section 242 of the Revised Statutes of 1908.

We do not deem it necessary to undertake to determine what the rights of counsel may be under this section as, in our opinion, the only question is whether we have authority to entertain their petition. There is no judgment here, and whatever Gooding and Wessels' rights may be by virtue of their contract entered into with Lane and the provisions of the statute to which we have referred, must be determined in an appropriate action instituted by them in a court of competent jurisdiction. We are without original jurisdiction to entertain any such a proceeding.

The motion to strike the petition is sustained, without prejudice, and the proceeding dismissed at cost of plaintiff in error.

*Motion sustained and proceeding dismissed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.